

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00006-CR

TUCKER WAYNE MCCREA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 51st District Court
Tom Green County, Texas
Trial Court No. B-14-0389-SA, Honorable Barbara L. Walther, Presiding

August 30, 2016

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Tucker Wayne McCrea, was convicted by a jury of the offense of continuous sexual abuse of a child.[1] The jury then considered the punishment evidence and sentenced appellant to serve 28 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant has perfected his appeal and we will affirm.

Appellant's attorney has filed an *Anders* brief and a motion to withdraw. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 498 (1967). In support of his

---

[1] *See* TEX. PENAL CODE ANN. § 21.02(b)(2) (West 2016).

motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744-45. In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that he has provided appellant a copy of the *Anders* brief and motion to withdraw and appropriately advised appellant of his right to file a *pro se* response in this matter. *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). The Court has also advised appellant of his right to file a *pro se* response. Additionally, appellant's counsel has certified that he has provided appellant with a copy of the record to use in preparation of a *pro se* response. *See Kelly v. State,* 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Appellant has filed a response.

By his *Anders* brief, counsel raises grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.[2]

We have also reviewed the response filed by appellant. We have found no arguable grounds contained in the response. By his response, appellant contends that

---

[2] Counsel shall, within five days after this opinion is handed down, send his client a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review. *See* TEX. R. APP. P. 48.4.

his trial counsel provided ineffective assistance. In reviewing appellant's response, we note that appellant points to no specific shortcomings of trial counsel, instead, appellant simply makes a global allegation that trial counsel was ineffective. Having reviewed the record, we have determined that there are no instances of ineffective assistance shown. *See Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Accordingly, appellant fails to raise an arguable ground in his response.

Accordingly, counsel's motion to withdraw is hereby granted, and the trial court's judgment is affirmed.

Mackey K. Hancock
Justice

Do not publish